## Clarence Handley, Appellant, v. The People of the State of Illinois, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of Fayette county; the Hon. JOHN
H. WEBB, Judge, presiding. Heard in this court at the October term,
1914. Affirmed. Opinion filed July 21, 1915.

### Statement of the Case.

Information in bastardy, initiated by the People of
the State of Illinois on complaint of Ella Fay Casey,
against Clarence Handley, defendant, charging defend-
ant with being the father of a bastard child to whom
prosecutrix gave birth. From a judgment for plain-
tiff for five hundred and fifty dollars, defendant ap-
peals.

Prosecutrix was an unmarried woman, and the child
was born on October 17, 1913. Prosecutrix filed a com-
plaint against defendant in said County Court on De-
cember 8, 1913, charging him with being the father of
her child. The prosecutrix testified that defendant had
sexual intercourse with her about the third Sunday in
December, on the 12th of January and on the 20th of
February. The defendant denied that he had sexual
intercourse with her at any time during the months
of December, January or February and offered evi-
dence tending to show an alibi as to the date fixed in
January.

It appeared that the prosecutrix and defendant lived
about one mile apart and had known each other ever
since childhood, and had been keeping company for
some time prior to the birth of the child.

The testimony was conflicting. Prosecutrix testified
that defendant had sexual intercourse with her at the
dates above mentioned, and that later he met her at
the train on her return from a trip north; and that he
went to church with her on the night of January 12th,

and that on such date she sustained improper relations with him, and she was corroborated by her mother and to some extent by another witness as to having been in company with him on the night of January 12th.

It further appeared that after prosecutrix's mother ascertained that she was pregnant, the two went to the home of Handley and had a talk with him about the paternity of the child; that when the mother said that they wanted to settle this trouble he did not then deny the paternity but said he wanted to talk with the daughter privately and they did so; and he then said he did not know what to do, and the daughter said his only objection was that he had heard that another man had had sexual intercourse with her and that defendant then admitted they were both to blame.

It further appeared that defendant frequently visited the prosecutrix at her home during the two years prior to the birth of the child. The defendant denied that he ever had sexual intercourse with her except on the 2nd of April, when he met her on her return home from the north. He claimed that on the night of January 12th he was in company with a young lady at a certain place but did not attempt to show where he was upon either of the other dates on which she alleged they sustained improper relations. As to the date of January 12th, he introduced several witnesses whose testimony tended to show that on the night of January 12th she was in the company of another man, and the testimony of other witnesses who also claimed to have been at the church on that evening and did not see defendant and prosecutrix.

F. M. GUNN, for appellant.

J. G. BURNSIDE, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. BASTARDS, § 33*—*when question of paternity for jury.* In an information in bastardy, where the evidence is conflicting, the question whether defendant is the father of the child is a question for the determination of the jury.

2. BASTARDS, § 22*—*when specific date not controlling as to time of conception.* In an information in bastardy, where the child alleged to have been begotten by defendant was born on October 17, 1913, and where prosecutrix testified that defendant had intercourse with her on a date in December, 1912, and on January 12, 1913, and February 20, 1913, the date of January 12, 1913, is not absolutely controlling as to the date when the child was begotten, since a pregnancy due to intercourse had between defendant and prosecutrix in December, 1912, may have been abnormally protracted.

3. WORDS AND PHRASES—*duration of pregnancy.* The duration of the pregnancy of a human female may be stated to be from 260 to 308 days after coition, and the usual or average period to be 276 days, but such duration may exceed its nominal limit, and the limit of such excess cannot be accurately known in the present state of physiological science.

4. BASTARDS, § 23*—*credibility of witnesses.* In an information in bastardy, where the testimony of defendant and of prosecutrix is conflicting, it is frequently difficult to determine which witness tells the truth, since the desire of the mother to secure a parent for her child and the desire of defendant to avoid the consequences of his conduct are incentives for concealing the facts.

5. BASTARDS, § 22*—*when date of alibi not conclusive as to date when child begotten.* In an information in bastardy where prosecutrix testifies that defendant had intercourse with her on several named dates, which defendant denies, and offers evidence tending to prove an alibi on one of the dates named, but fails to show where he was on the other dates, if not with prosecutrix, the date as to which defendant proves an alibi will not be deemed controlling as to the date when the child was begotten if it is possible that defendant might have begotten the child on either of the other dates named by prosecutrix as those on which defendant had intercourse with her.

6. BASTARDS, § 22*—*when evidence sufficient to sustain finding as to paternity of child.* In an information in bastardy, where prosecutrix testifies that defendant had intercourse with her at a date when defendant might have begotten the child, a verdict finding that defendant was the father of the child *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Handley v. The People, 196 Ill. App. 556.

7.  BASTARDS, § 34*—*when instruction as to immateriality of dates when intercourse took place proper.*  In an information in bastardy, an instruction, in substance, that if defendant was by a preponderance of the evidence found to be the father of the child, the dates when intercourse took place between defendant and prosecutrix were immaterial, even though prosecutrix was mistaken as to the particular date testified to as that on which such intercourse took place, *held* not erroneous under the evidence, it appearing that prosecutrix testified to three dates on which defendant had intercourse with her.

8.  BASTARDS, § 34*—*when instruction to find for defendant not erroneous.*  In an information in bastardy, where defendant requested an instruction that if plaintiff had not sustained the charge that defendant was the father of the child, "or if on this point the preponderance of the evidence is that he is not such father or if you find the evidence equally balanced" then the jury must find for defendant, an objection to the instruction as modified by striking out the quoted words, *held* not well taken, it appearing that the instruction as given told the jury that they could find defendant to be such father only where such finding was supported by a preponderance of the evidence.

9.  BASTARDS, § 34*—*when instruction properly modified by striking out reference to date when intercourse took place.*  In an information in bastardy, an objection to the modification by the trial court of a requested instruction by striking out the words "on the 12th day of January or at any other time," *held* not well taken, such words being misleading, where the instruction as given told the jury that if defendant did not have sexual intercourse with prosecutrix during the period wherein she became pregnant ·defendant could not be found to be such father of the child, it being immaterial at what date the child was begotten if defendant be found to be the father, and it being therefore improper to call attention to the date when any intercourse took place unless a date when it was impossible that defendant could have begotten the child.

10.  APPEAL AND ERROR, § 1561*—*when refusal of proper instructions not reversible error.*  In an information in bastardy, instructions examined and *held* not reversible error, although objections thereto were well taken, it appearing that the jury had been fully instructed that all the facts and circumstances in evidence should be taken into consideration in arriving at a verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.